JOSEPH W. REYNOLDS *vs.* LESSER FRANKLIN.

July 1, 1890.

Exchange of Land—Fraudulent Representation of Title—Damages.
The complaint herein charged, and the testimony tended to show, that, on the faith of false and fraudulent representations made by defendant, plaintiff was induced to exchange with him certain personal property (merchandise) for three separate parcels of land. The title to one of these parcels completely failed. *Held*, that the measure of damages was the market value of the property plaintiff parted with.

Same—Partial Failure of Title.—Under this rule as to the measure of damages, plaintiff was entitled to recover, if at all, such proportion of the total value of the merchandise as the value of the tract of land to which the title failed bore to the aggregate value of the three tracts for which he traded.

Appeal by defendant from an order of the district court for Hennepin county, *Hooker*, J., presiding, refusing a new trial after verdict of $2,169.33 for plaintiff.

*R. B. Forrest*, for appellant.

*Russell & Reed*, for respondent.

COLLINS, J. This case appears for a second time in this court, it having been heretofore reported in 39 Minn. 24, (38 N. W. Rep. 636,) where it was held that plaintiff might recover, as for fraud, upon evidence going to show false representations by defendant, made as of his own knowledge, respecting the title to real estate, to plaintiff, who, being ignorant of the facts, purchased relying upon the representations. From the testimony in the case as certified up, it appears that, while this transaction is not the one considered in an action between these same parties, (41 Minn. 279, 43 N. W. Rep. 53,) it is of the same general character. It was a trade or exchange of a quantity of personal property (merchandise) owned by plaintiff for several tracts of land owned or controlled by defendant. In the case just mentioned, defendant, after receiving the personalty, refused to convey certain of the tracts of land as he had agreed to do, and plaintiff's action was upon contract; while in this the title as to one

parcel of land, conveyed by a third person at defendant's request to plaintiff, wholly failed, and his action is one of tort, based on alleged false and fraudulent representations as to the title.

The principal contention between the parties is as to the measure of damages, and upon this matter the trial court erred in its rulings, as well as when charging the jury. The amount the plaintiff was entitled to recover was not the price fixed or placed by the parties, when making their trade, upon the tract of land in question, for the action was in tort; and if the jury believed that defendant was guilty of the false and fraudulent representations alleged, and that plaintiff parted with his property relying upon the same, then defendant was bound to make good the loss sustained,—he was liable to respond in such damages as naturally and proximately resulted from the fraud. But that would not necessarily be the fixed price placed upon the real estate by the parties. It might be less, and it might prove to be more. The actual loss sustained was the market value of the personal property which by means of a fraudulent act defendant had secured from the plaintiff. It was not a question of what the latter might have gained, but of what he lost by reason of defendant's deception. The suit was not brought for breach of contract, but the *gravamen* of the complaint was the alleged deceit and fraud of the defendant, by means of which the plaintiff was induced to part with his property. The actual loss which he sustained, and for which he can recover, is the value of the property so parted with. This is the true measure of damages in cases of this nature. *Smith* v. *Bolles,* 132 U. S. 125, (10 Sup. Ct. Rep. 39;) *Woolenslagel* v. *Runals,* 76 Mich. 545, (43 N. W. Rep. 454.)

This conclusion forces upon us a consideration of the manner in which this value may be ascertained, under the circumstances presented by the uncontradicted testimony in this case; the plaintiff having exchanged a quantity of merchandise for three distinct tracts of land, the title of one parcel only, conveyed by a separate deed, proving defective. The counsel for appellant claims that there is no method of establishing by testimony the value of that portion of the merchandise traded for this particular piece of real property, quoting, in support of his position, a remark inadvertently made by the

writer hereof in the opinion (41 Minn. 279) heretofore alluded to. In neither of these cases have we had the aid of counsel in the examination of or citation of authorities upon this somewhat perplexing question, nor, with the limited time at our disposal for such work, have we been able to find an adjudicated case in point. But, upon reflection, it has seemed to us that the rule which would be the most practical and satisfactory is that adopted in actions brought upon covenants of warranty in conveyances of land, where a round sum of money has been paid, or property exchanged, for real estate to which the title has failed in part. For a partial breach damages will be assessed *pro tanto*, according to the recognized standard of damages for a total breach. Where a part of one parcel is lost by failure of title, or the title fails to an undivided part of the whole, the measure of damages is a ratable part of the consideration or value of such parcel, or of the entirety, ascertained in the same manner. When the title fails to a specific part of the subject of the sale or trade, either party may, for the purpose of affecting the damages, produce evidence to show the relative value which that part bears to the whole. The law will apportion the damages to the measure of value between the land lost and the land preserved. Eviction of a part of the estate sold not only gives an action on the warranty, but the recovery will be a proportion of the price paid in a ratio to the amount of the part from which an eviction has been had. *Morris* v. *Phelps*, 5 John. 49, 56; Rawle, Cov. § 187; 2 Suth. Dam. 288. The plaintiff's title failed as to one tract of land, but remained good as to other tracts, which, although not conveyed by the same deed, were included in the same consideration,—the plaintiff's merchandise,—the total value of which, as well as the value of each tract of land, can easily be established upon trial. Had this action been upon a covenant of warranty, plaintiff's damages would have been ascertained by apportionment. He would have recovered such proportion of the total value of his merchandise as the value of the tract of land to which he obtained no title bore to the value of the three tracts—the whole quantity—for which he traded. This rule is a just one, and may safely be adopted and applied here.

Order reversed.