ROSA RITKO and Another v. JOHN GROVE.[1]

November 8, 1907.

Nos. 15,347—(42).

**Deceit—Pleading—Damages.**

The parties hereto entered into a contract for the exchange of land owned by them, respectively, whereby the plaintiffs conveyed to the defendant their land, subject to incumbrances thereon amounting to $2,000, for which they received from the defendant a contract for the conveyance of his land to them upon being paid $2,721.96, the balance of the purchase price, to secure the payment of which he retained the title. The plaintiffs, claiming that they were induced to enter into the contract by the deceit of the defendant, brought this action. *Held*:

1. That the complaint states a cause of action to recover damages for the alleged deceit, and not one to recover, on the basis of a rescission by their own act, what they parted with by reason of the fraud.

2. The general rule in an action for damages for deceit is that the

1 Reported in 113 N. W. 629.

plaintiff is entitled to recover the difference in value of what he was induced to part with and the value of what he got in the transaction.

3. It was error for the trial court to instruct the jury to the effect that the plaintiffs were entitled to recover the value of the land they conveyed to the defendant, less the amount of the incumbrances thereon, for the instruction took no account of what they received by virtue of the contract.

4. They were entitled to recover the difference in the value of the land they parted with, less the amount of the incumbrances thereon, and the value of the land for which they received a contract for a deed, less $2,-721.96, the balance of the purchase price, a lien for which was retained by the defendant.

Action in the district court for Ramsey county to recover $5,120. The facts are stated in the opinion. The case was tried before Orr, J., and a jury which rendered a verdict in favor of plaintiffs for $3,-881.69. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*B. H. Schriber,* for appellant.

*Germo & Farley* and *Sheehan & Keefe,* for respondents.

START, C. J.

This is an appeal from an order of the district court of the county of Ramsey denying the defendant's motion for judgment notwithstanding the verdict or for a new trial. The alleged cause of action arose out of a contract between the parties for the exchange of land; the claim of the plaintiffs being that they were defrauded in the transaction by the false and fraudulent representations of the defendant as to the quality, condition, and value of his land which he gave in exchange for the land of the plaintiffs. The plaintiffs had a verdict of $3,881.69. The assignments of error are numerous, but a determination of the controlling questions raised by them depends in a large measure upon the question whether the action must be regarded as one to recover the consideration paid by the plaintiffs to the defendant on the basis of a rescission of the contract by their own act, or as an action for damages sustained by the plaintiffs on account of the alleged fraud. The plaintiffs claim that the complaint alleges a cause of action to recover the consideration paid on the basis of a rescission, while the defendant claims that the complaint alleges a cause of action for damages on account of the alleged fraud.

A party who has been induced to enter into a contract by the false representations of another may sue for the damages sustained by the fraud, or sue in equity for a rescission of the contract by the court, or rescind by his own act and sue for what he parted with by reason of the fraud. If he seeks to rescind by his own act, he must restore or offer to restore to the other party whatever of value he received from him by virtue of the contract; but if he sues in equity for a rescission the rule is' otherwise. I. L. Corse & Co. v. Minnesota Grain Co., 94 Minn. 331, 102 N. W. 728. There is no claim by either party that this is an action in equity for a rescission. One of the essentials of an action at law to recover the consideration paid on a contract obtained by fraud, where the plaintiff claims to have rescinded by his own act, is notice of his rescission to the opposite party and a restoration or an offer to restore to him whatever was received by virtue of the contract; hence such notice and restoration or offer must be alleged in the complaint.

The complaint herein alleges, in effect, that at the time stated therein the plaintiffs were the owners of certain lands in the counties of Becker and Jackson, this state, describing them; that the defendant fraudulently represented that he then owned a tract of land containing three hundred twenty acres in the county of Red Lake; that to induce the plaintiffs to enter into a contract with him for the exchange of their land for the land which he claimed to own, defendant falsely and fraudulently represented that he was the legal owner of the land in Red Lake county, and fraudulently misrepresented the quality, condition, and value of the land; that the plaintiffs relied upon such representations and, induced thereby, entered into the contract for the exchange of the lands, and conveyed their land for the agreed price of $5,500 to the defendant, subject to certain mortgages thereon, and the defendant executed to them an agreement to sell and convey the Red Lake county land to the plaintiff Rosa Ritko for the agreed price of $6,720 upon the payment at a future date by the plaintiffs to him of the difference between the agreed price of the plaintiffs' land and that of the defendant; that the plaintiffs are unable to state the terms of such agreement, for the reason that it is in the possession of the defendant; that the representations were

made to deceive and defraud the plaintiffs, and were untrue, in that the defendant did not own the land in the county of Red Lake, and had no right to convey the same, and the quality, condition, and value thereof were not as represented, alleging the facts as to each; that after the plaintiffs discovered that the representations were untrue they offered to cancel the agreement of the defendant to convey to them, and demanded of the defendant the land they had conveyed to him, or, in lieu thereof, that he give them better land, and the defendant then promised to give them better land, but has failed to perform his promise; that prior to the commencement of this action the plaintiffs made due demand in writing upon the defendant for the conveyance to them of the land they conveyed to him, or, in lieu thereof, that he pay to them the amount they had been damaged by reason of the false and fraudulent representations; that the defendant is in possession of and has title to the land conveyed to him, except such part as he has conveyed; that the defendant is in possession of the land in the county of Red Lake, has no title thereto, and has never offered to convey the same to the plaintiffs; and, further, that by reason of the facts aforesaid the plaintiffs have been damaged in the sum of $5,120, for which they demand judgment.

The answer denied the allegations of the complaint, except as therein admitted, and specially denied the alleged fraudulent representations. It appears from the record that the defendant, at the time when an exchange of lands was agreed upon, held executory contracts, in the usual form, from the railway company, the owner of the land, for the conveyance thereof to him. It also conclusively appears from the record that the agreement from the defendant to the plaintiffs, referred to in the complaint, was a written contract whereby the defendant agreed to convey the land to the plaintiff Rosa Ritko upon the payment of the balance of the purchase price therefor in six annual instalments of $453.66 each, with interest, and, further, that thereafter the defendant loaned to the plaintiffs $600 with which to improve the land, and as security for the loan the plaintiffs delivered their contract to the defendant.

The issue as to false representations of the defendant's title to the land was eliminated by the trial court. The allegations of the com-

plaint are somewhat involved; but we are of the opinion that the complaint states a cause of action for the recovery of damages sustained by the plaintiffs by reason of the alleged false representations of the defendant, and not an action to recover what they parted with by reason of the fraud on the ground that they had rescinded the contract by their own act. The only suggestion in the complaint that they offered to restore what they had received by virtue of the contract is the allegation that they "offered to the defendant to cancel the agreement herein set forth." This allegation must be construed in connection with the other allegations of the complaint, which are manifestly appropriate to an action for damages sustained by the false representations of the defendant. The record does not show that the defendant consented to try the action as one to recover on the basis of a rescission by the act of the plaintiffs.

The defendant claims that he is entitled to judgment notwithstanding the verdict, because the plaintiffs did not show themselves entitled to recover any sum whatever, for the reason that the alleged false representations were of a character that the plaintiffs, under the circumstances disclosed by the evidence, had no right to rely upon. If the facts were as the evidence on the part of plaintiffs tends to show, the alleged representations as to the quality, condition, and value of the defendant's land were material, and the plaintiffs had a right to rely upon them. Porter v. Fletcher, 25 Minn. 493; Griffin v. Farrier, 32 Minn. 474, 21 N. W. 553; Mountain v. Day, 91 Minn. 249, 97 N. W. 883; Stearns v. Kennedy, 94 Minn. 439, 103 N. W. 212. The defendant was not entitled to a directed verdict, and it follows that he is not entitled to judgment notwithstanding the verdict.

The instructions of the trial court, except as to the measure of damages, were appropriate to an action to recover damages for alleged false and fraudulent representations. The jury were told that the action was brought to recover damages claimed to have been sustained by false and fraudulent representations. Neither party requested the court to instruct the jury as to any claim that the plaintiffs had rescinded the contract by their own act, nor did the court give any instructions relevant thereto. Upon the question of damages the jury were instructed as follows:

Now the damages in an action of this character, where fraud has been alleged, generally are the damages which naturally flow from the conditions and are the proximate result of the false and fraudulent character of the representations, and the law is, in a case of that character, that you will place the plaintiffs in their original position as far as it may be done. Now it appears in evidence, and it is not disputed, that there were certain liens or mortgages against the land, both in Jackson county and in Becker county, and those, of course, should be deducted from the value of that property.

The instruction, reduced to its lowest terms, is to the effect that the measure of the plaintiffs' damages, in case they were entitled to recover, was the value of the land they conveyed to the defendant, less the amount of the liens thereon. This is substantially the rule of damages in cases where a party has rescinded the contract. In such a case he is entitled to recover what he parted with, or the value thereof. But such an instruction in an action to recover damages for the fraud is fundamentally wrong, for it takes no account of what the plaintiffs received by virtue of the contract. The general rule in an action for damages for deceit is that the plaintiff is entitled to recover the difference in the value of what he was induced to part with and the value of what he got in the transaction. Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139, 20 Am. St. 540; Stickney v. Jordan, 47 Minn. 262, 49 N. W. 980; Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292; Mountain v. Day, 91 Minn. 249, 97 N. W. 883. In practice the rule must always be applied with reference to the facts of the case under consideration. Thus, where the plaintiff is induced by deceit to purchase property for cash, another way of stating the rule would be that the plaintiff in such a case would be entitled to the difference between the value of the property purchased and the purchase price. Mountain v. Day, supra.

But where, as in this case, the transaction is an exchange of property, the plaintiffs' damages are to be ascertained by finding the difference in the value of what they parted with and the value of what they received in return. Now, in this case the plaintiffs parted with

'their land subject to incumbrances amounting to $2,000, for which they received a contract for the conveyance to them of the defendant's land upon paying $2,721.96, to secure the payment of which the defendant retained the legal title. The plaintiffs received for their land the right to a deed of the defendant's land, subject to the payment of the lien, $2,721.96. If, then, the plaintiffs recover in this action, they are entitled to the difference in the value of the defendant's land, subject to a lien amounting to $2,721.96, and the value of their land, subject to liens amounting to $2,000; that is, the difference between the total value of the land of the respective parties, less the amount of the incumbrances thereon at the time the contract was made.

Inasmuch as there must be a new trial for the error indicated, it is not necessary or proper to determine the merits of the assignments of error relating to the right of the plaintiffs to rescind the contract, for, as the complaint now stands, they are not relevant.

Order reversed and new trial granted.