## CHARLES H. SHANE v. THEODORE JACOBSON.[1]

May 4, 1917.

Nos. 20,257—(44).

**Vendor and purchaser — false representations — measure of damages.**

    1. Where, in an action to recover damages for deceit in the sale of a farm, it appears that the only false representation relied on related to the existence upon the farm of an improvement which might readily be made at any time at an expense easily ascertainable, and also that the

[1]Reported in 162 N. W. 472.

representation could not have induced any other action on the part of the purchaser than merely to agree to swell the price paid by an amount equal to the cost or value of the improvement, the recovery should be limited to the expense or cost of contructing the improvement and, perhaps, the loss of rental value while it is being constructed, such amount being the only natural and proximate loss resulting from such particular misrepresentation.

**Exclusion of evidence error.**

2. The court erred in excluding evidence relating to the cost of making such improvement, and as to what additional value the farm would have from the same.

**Admission of evidence not error.**

3. Although the representation was confined to a part of the farm, it was not error to receive evidence as to the character of the other part, since the farm was sold as a whole for a lump price.

**Vendor and purchaser — belief in misrepresentation.**

4. Under the circumstances disclosed in this case, defendant could not escape liability for the actual loss to plaintiff by proof that the misrepresentation was made innocently in the belief of its truth.

Action in the district court for Murray county to recover $5,300 for false representations in the sale of land. The case was tried before Nelson, J., and a jury which returned a verdict for the amount demanded. Defendant's motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $4,000. From the order granting the motion for a new trial upon that condition, defendant appealed. Reversed.

*Knox & Faber,* for appellant.

*Howard & Gurley,* for respondent.

HOLT, J.

Action to recover damages for deceit in the sale of a farm. Plaintiff prevailed. Defendant moved for a new trial. The motion was denied on condition that plaintiff consent to a reduction of the verdict to $4,000. The consent was filed, but defendant appeals.

The damages are claimed to be excessive, and this result is laid to alleged errors in the reception or rejection of testimony at the trial. The facts are simple. Early in November, 1913, plaintiff, a farmer

from Illinois, met defendant, a resident of Iowa, and in company they came to this state to look at a 160-acre farm in Murray county, which defendant had owned for a couple of years, and now desired to sell. After examining the same plaintiff bought it, agreeing to pay $17,300 therefor in instalments. In the negotiations for the deal defendant stated, according to plaintiff's version, that the east 80 acres were tiled, as much as needed, the tiling discharging into a neighbor's drain. Defendant admits representing that there was a string of tile laid so as to drain a swale in the east 80. There was no tiling on the farm, except a cellar drain. The evidence shows that not to exceed 20 acres of the east 80 needed drainage.

The complaint alleged that if the east 80 had been tiled as represented the farm would have been worth $17,300, but, because of the absence of such tiling, it was worth no more than $12,000. Notwithstanding the complaint thus made the absence of the tiling the only item, or fact, which caused the farm to be of less value than the price agreed to be paid for it, the court would not permit defendant on cross-examination of plaintiff's expert witnesses, who had given their opinion as to the market value of the farm in the condition it was when bought, to inquire as to how much more it would have been worth if the wet part of the east 80 had been tiled. The court also rejected defendant's offer to prove the cost of properly tiling that part to which the alleged false representations related, and to prove the difference in value of the farm in the condition it was and in the condition it would have been had it been tiled as represented.

The rulings seem to us erroneous. The complaint alleged no misrepresentations respecting the value of the farm, or its situation, soil or natural characteristics. The misrepresentation related merely to an improvement which may be readily installed at a cost easily ascertainable. The court or jury could well find that the existence of the tiling was not a moving cause inducing the purchase, except to the extent that the cost of such tiling increased the price plaintiff was willing to pay for the farm. In other words, the damages in contemplation of the parties as naturally flowing from a misrepresentation in respect to this tiling would be the cost thereof, to which, perhaps, should be added the depreciation of rental value of the land affected while the tiling was being done. The

rule is that a defrauded party is entitled to such damages as naturally and proximately result from the fraud. Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139, 20 Am. St. 540; Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292. In the last cited case it was stated that in actions of this sort it is proper to bear in mind wherein the fraud consisted; what action was it calculated to induce, and did it induce, and then what loss came as the natural and proximate result of such action. We have held, in conformity with the rule in the Federal courts, that the measure of this loss is the difference between the money or the value of the property which the defrauded party was induced to part with and that which he received in the transaction. This does not, however, mean that the natural and proximate loss must always come up to this general measure ordinarily applicable.

Suppose in this case that plaintiff had bought the farm when he met defendant in Iowa, without seeing it, upon defendant's representations as to soil, lay of the land and improvements, and all the representations had been true except that a granary of certain dimensions and material, represented to be one of the buildings, was not there, a structure which could be erected for, say $200; could it be justly claimed that the natural and proximate loss to plaintiff for this one false representation could then have been more than the cost of placing such a granary as represented upon the farm? Or should the damage be $5,300 as now, because a jury chose to accept the opinion of those experts who valued the farm at $12,000, rather than of those who deemed it worth $17,300? We think the proposition shocks one's sense of justice. That the verdict herein, even as reduced, greatly exceeds the natural and proximate loss that possibly could flow from the misrepresentation as to the tiling in question must be apparent from the fact that, were the 20 acres which needed drainage in the east 80 entirely taken out of the farm and their value figured at $110 an acre, a price higher than plaintiff agreed to pay, the loss would amount to no more than $2,200. It would be natural for the jury to infer that the price plaintiff agreed to pay for this farm was unduly augmented by the probable cost of the tiling represented to be thereon, and that that was the only way in which the false representation induced action. Therefore the actual cost of placing tiling thereon, and the extent to which such improvement would increase

136 M.—26

the value of the farm, was proper and very material evidence bearing upon the amount of recovery, and without which an intelligent answer could not be given as to the natural and proximate loss to plaintiff.

This conclusion is not considered as discrediting the measure of damages applied in Reynolds v. Franklin, supra, and subsequent cases down to Nelson v. Gjestrum, 118 Minn. 284, 136 N. W. 858. As said in Wallace v. Hallowell, supra, when referring to this rule of the measure of damages in actions of deceit: "Of course, the statement of the rule must always be construed in the light of the facts of the case then being considered. For example, in some of the cases it is said that the measure of damages is the difference in values of what the party was induced to part with and of what he got by the purchase. As applied to the facts of those cases, this was correct, but it would not do to adopt this as a rule of universal application, for the reason that under some circumstances it might exclude certain elements of damage naturally and proximately resulting from the fraud." And it may be added that under other circumstances it might unduly swell the recovery beyond the natural and proximate loss resulting from the fraud. Properly the general rule was applied in the cases from this court already cited, and also in Redding v. Godwin, 44 Minn. 355, 46 N. W. 563; Alden v. Wright, 47 Minn. 225, 49 N. W. 767; Fixen v. Blake, 47 Minn. 540, 56 N. W. 612; Mountain v. Day, 91 Minn. 249, 97 N. W. 883; Ritko v. Grove, 102 Minn. 312, 316, 113 N. W. 629; Knight v. Leighton, 110 Minn. 254, 124 N. W. 1090; Jones v. Magoon, 119 Minn. 434, 138 N. W. 686; for the deceit in each case consisted in misrepresenting the value of the property involved in the deal. In Timmerman v. Whiting, 118 Minn. 398, 137 N. W. 9, the fraud was a false statement that interest on the mortgage existing upon the land conveyed by the defendant to the plaintiff had been paid to a certain date, and the damages were held to be measured by the interest unpaid at that date. When the deceit in the sale of land relates merely to the existence thereon of an improvement which, at a cost readily ascertainable, may without difficulty be made at any time, the recovery in an action for damages should not exceed the cost of making the improvements (unless special damages are claimed and proven), when it is apparent that the existence of the improvement could have had no other bearing on the bargain in the minds of

the parties than augmenting the price agreed to be paid for the land by the cost of the improvement.

Although the representation concerning tiling was confined to the east 80, it was not error to permit evidence as to the condition of the other parts of the farm. It had been bought at a gross price and not by the acre. And, while holding that the facts as developed by the whole record do limit the recovery, plaintiff had the right, in the first instance, to present the evidence supporting his theory of the case under the general rule applicable to the measure of damages in actions of deceit.

We think no prejudicial error is found in the court's refusal to let defendant prove that he made the representation in good faith, having been informed by the one of whom he purchased the farm that it was tiled, and never knowing to the contrary until after the sale to plaintiff. The recovery sought was compensation for actual loss and no more. As to this defendant is liable even though the misrepresentation was made innocently. Defendant admitted that he represented as a positive fact that there was a string of tiling on the east 80. There was nothing in the situation suggesting to plaintiff that this assertion, of the owner of a farm under cultivation, was based upon other than personal knowledge and observation. This misrepresentation made under such circumstances constitutes from a legal standpoint the equivalent of an intentional fraud. Bullitt v. Farrar, 42 Minn. 8, 43 N. W. 566, 6 L.R.A. 149, 18 Am. St. 485.

Because of the excessive recovery and the erroneous rulings first noted, in respect to the testimony relating to the loss sustained by plaintiff, we deem a new trial necessary.

Order reversed.