JOHN OTTERSTETTER AND ANOTHER v. STEENERSON BROS. LUMBER COMPANY.[1]

October 17, 1919.

No. 21,320.

**Exchange of property — deceit — measure of damages.**

1. In action for damages for deceit in a transaction for the exchange of real property, the general rule of damages is the difference in value of what the plaintiffs were induced to part with and the value of what they received.

[1] Reported in 174 N. W. 305.

**Same.**

2. The plaintiffs are entitled to recover, under the proofs and findings of the trial court, the difference between the value of the real estate parted with, plus the amount of the mortgage assumed and the mortgage given by them, and the value of the land which they received in the transaction.

**Fraud — value — findings supported by evidence.**

3. Testimony considered and *held* sufficient to justify the findings as to fraud and the value of the properties in question.

**Pleading and proof — admission of evidence.**

4. There was no error in admitting proof of the amount of expense plaintiffs were put to in moving to and from the farm, under the pleadings. Nor was the same prejudicial, the court holding adversely to plaintiffs' contention as to a rescission.

Action in the district court for Clay county to recover $2,500 for fraudulent representations in the exchange of certain real property. The facts are stated in the opinion. The case was tried before Roeser, J., who made findings that plaintiffs were entitled to recover $3,100, on the conditions mentioned in the first paragraph of the opinion. Defendant's motions for amended findings and for a new trial were denied. From the order denying its motion for a new trial, defendant appealed. Affirmed.

*Christian G. Dosland,* for appellant.

*F. H. Peterson,* for respondents.

QUINN, J.

This is an appeal from an order of the district court of the county of Clay denying the defendant's motion for a new trial. The alleged cause of action arose out of an exchange of real estate, the claim of the plaintiffs being that they were deceived and defrauded in the transaction by the false and fraudulent representations of the defendant and its representatives as to the quality, condition and value of its land given in exchange for the homestead of plaintiffs situated in the city of Moorhead. The cause was tried to the court sitting without a jury. Findings and an order for judgment were made in favor of the plaintiffs for damages in the sum of $3,100, providing that $1,200 of this amount

might be canceled, by filing with the clerk of the court the note and mortgage of plaintiffs for that amount, together with a satisfaction of the same, duly recorded within 30 days, and if that was not done plaintiffs might entered judgment for the full sum of $3,100 with interest and costs.

The assignments of error are many, and there is a sharp conflict in the testimony bearing upon the issues in the case. The trial court held that plaintiffs were not entitled to a rescission, but might recover damages on account of the alleged fraud. It is not disputed that if the plaintiffs are entitled to recover at all, they are entitled to recover the difference in value of what they were induced to part with and the value of what they received in the transaction, under the rule announced in Ritko v. Grove, 102 Minn. 312, 113 N. W. 629.

It is alleged in the complaint, in effect, that at the time in question the defendant sold to the plaintiffs the northeast quarter of section 24, township 138 north, range 36 west, for the sum of $4,000, and that plaintiffs paid for the same by executing to defendant a deed to their home, situated in the city of Moorhead, valued at $2,000, by assuming a first mortgage upon said farm for $750, and by executing to the defendant their promissory note for $1,250, secured by a second mortgage upon said premises; that in order to induce the plaintiffs to purchase said lands defendant represented to plaintiffs that all of said farm lands were tillable and capable of being broken and planted to crops; that the soil was black sandy loam with clay subsoil and would produce good crops of wheat, rye, corn, potatoes and similar crops; that it had only a few stones in it; that there were 40 acres under cultivation, and that the same was worth more than $25 per acre. That said representations were false and known to be false by defendant at the time they were made, and that the same were made for the purpose of deceiving and defrauding plaintiffs. That in truth and fact said lands were very poor with a thin sandy soil and sand subsoil, and were stony and rocky; that they could not be plowed or cultivated with success; that only ten acres thereof were actually broken up so that same could be plowed; that said lands would not raise good crops or any crops whatever, except under the most favorable conditions and best of seasons; that said

lands were not worth $25 an acre nor any greater amount than $10 per acre; that plaintiffs believed said representations and relied upon the same and purchased said lands and paid therefor as above specified; that defendant knew that plaintiffs were purchasing said lands for the purpose of making their home on the same; that plaintiffs removed from their home in the city of Moorhead and went upon said farm and attempted to farm the same, but were unable to raise any crops thereon and were obliged to remove therefrom; that plaintiffs were put to large expense in moving to said farm and removing therefrom, and that such expense amounted in the aggregate to $500; that plaintiffs have elected to rescind said contract and do hereby rescind the same and bring this action to recover for the defendant's fraud and deceit, and that plaintiffs have suffered damages in the sum of $2,500, for which amount they demand judgment.

The answer put in issue the value of both pieces of real property, the question of fraud and deceit, and alleged that the plaintiffs had a full opportunity to and did inspect the farm before the deal was consummated.

While the trial court in its findings and order for judgment refers to the amount at which the farm was figured in the transaction as being $3,950, and the note and mortgage given by plaintiffs as $1,200, yet it conclusively appears from the record and from the statements of counsel that the amount at which the land was figured was $3,920, and the note and mortgage $1,170, the slight discrepancy resulting undoubtedly from the fact that the price of the land first agreed upon was $4,000, and upon an examination of the buildings a reduction of $50 on account of their condition was agreed upon. In reducing the agreement to writing a reduction of 50 cents per acre, or $80, was made instead of $50, thereby fixing the price of the land at $3,920, the amount of the note and mortgage being correspondingly lowered.

The findings as made by the trial court upon the question of fraud and the value of the farm lands are, we think, justified by the evidence, and while the proof is somewhat unsatisfactory as to the value of the Moorhead property, it is sufficient to justify the conclusion at which the trial court arrived. The court found specifically that the considera-

tion with which the plaintiffs parted in payment for the farm consisted of three items, namely: House and lot, $2,000; assumption of mortgage on farm, $750; note and mortgage of plaintiffs, $1,170, making a total of $3,920, from which the court deducted $850 as the value of the land received by plaintiffs less the encumbrance of $750, leaving the difference between what plaintiffs received and what they parted with at $3,070, for which amount it held that the plaintiffs were entitled to judgment, providing that $1,170 of this amount might be canceled by a satisfaction of the note and mortgage.

It will be observed that, in arriving at the amount which the plaintiffs parted with, the court gave them credit for $750 on account of assuming the mortgage on the farm. The assumption of this mortgage was treated as though it had been a cash payment. If it had been paid in cash it would have satisfied the mortgage, in which event the value of the land, $1,600 instead of $850, should have been deducted from the amount which the plaintiffs parted with, leaving a difference of $2,320 for which plaintiffs are entitled to judgment. Then by deducting $1,170 therefrom in case the note and mortgage with a satisfaction thereof were filed with the clerk, there would be left a balance of $1,150, for which plaintiffs are entitled to judgment. In other words, while the findings of fact as made by the trial court are correct in the abstract, yet, in arriving at a conclusion as to the amount which plaintiffs are entitled to recover, the amount of the value of the farm should have been deducted from what plaintiffs parted with. Plaintiffs still retain the farm, and, if they pay the item of $750 for which they were given credit, the mortgage will be satisfied and the farm left clear.

With reference to assignments of error numbers 1, 2, 3, 8[1], and 9[2], we think they are not well taken. At the close of plaintiffs' case they asked leave to amend the complaint to correspond with the proofs as to the amount of damages. The court granted the application. Nor is there any merit in the contention that the court erred in receiving evidence as to the expense to which plaintiffs were put in moving to and from the farm. In the complaint a rescission was asked for. Upon

[1][As to specific findings of fact.]   [2][As to the conclusion of law.]

that theory the evidence was admissible, but the court found adversely to plaintiffs thereon and the testimony was harmless. Upon the whole record as we view it justice will be best served by amending the order for judgment instead of incurring the expense of a new trial.

Remanded with directions to the trial court to modify the order for judgment as herein indicated, and as so modified the order appealed from is affirmed.