ROBERT E. E. TOWNSEND AND ANOTHER v. HUGO JAHR.[1]

October 15, 1920.

No. 21,763.

**Fraud in exchange of property — verdict sustained.**
1. Plaintiffs purchased a farm of defendant and gave in part payment a house and lot. There is evidence, sufficient to sustain a finding of the jury, that plaintiffs were induced to make the purchase by misrepresentation on the part of defendant.

**Fraud — affirmance of contract after part performance.**
2. Plaintiff, having performed in part before discovering the fraud, did not prejudice his right of action for damages for deceit by affirming the contract.

**Same — measure of damages — full or partial payment of purchase price.**
3. The measure of damages in such an action is the loss naturally and proximately resulting from the fraud. This will usually be the difference between what the plaintiff parted with and what he got. If the purchase price has been paid, it will usually be the difference between the value of the land purchased and the purchase price. If the purchase price has not been fully paid and the obligation to pay the balance has been discharged by foreclosure of a purchase money mortgage, the amount unpaid does not constitute any part of the plaintiff's damage.

Action in the district court for Norman county to recover $2,880 for fraudulent representations in exchange of property. The case was tried before Grindeland, J., who at the close of the testimony denied defendant's motion for a directed judgment, adopted the answers of the jury to special questions, and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Modified.

*Peter Matson* and *F. H. Peterson,* for appellant.

*Charles S. Marden* and *M. A. Brattland,* for respondents.

[1]Reported in 179 N. W. 486.

HALLAM, J.

1. Plaintiffs are husband and wife. In March, 1917, plaintiffs and defendant resided in Davenport, Iowa. Plaintiff Robert was a street car operator and had been a rural mail carrier. Defendant was a traveling man. Plaintiffs owned a home in Davenport and defendant owned a quarter section of land in Norman county, Minnesota. Plaintiffs were desirous of acquiring a farm, and, learning that defendant had this land, they sought him out and opened negotiations for an exchange. An exchange was finally consummated on the following terms: Plaintiffs' property was subject to a mortgage of $2,340. Defendant's land was subject to a mortgage of $2,000. It was agreed that plaintiffs should take defendant's farm at $7,200, turning in the equity in their home at $1,460, certain furniture at $100, and agreeing to assume the mortgage on the farm and to pay the balance of $3,640 in ten annual instalments. A written contract was entered into.

About the last of March, defendant took possession of the Davenport home, and deeds were drawn and executed and left with an attorney for delivery, all before plaintiffs or either of them had seen the land. They went upon the land in April, 1917, built a shack, and lived upon it during that season, leaving in the fall, and returning again in the spring of 1918, and remaining again during the season of 1918.

In the fall of 1917, plaintiffs took up the first mortgage which had fallen due, paid $136 interest due, and replaced the mortgage by another of the same amount. Defendant released his mortgage for the purpose of permitting the new mortgage to remain a first lien, and plaintiffs then gave him a new second mortgage for the same amount as before. In the summer of 1918, no payments having been made to defendant, he foreclosed his mortgage and bid in the property at the sale for the full amount of the mortgage debt. In December, 1917, defendant exchanged the Davenport home for land in South Dakota.

In August, 1918, plaintiffs brought this action. It resolved itself into an action to recover damages for misrepresentation made by defendant as to the nature and condition of the land. By special findings the jury found the charges of plaintiffs true, found that the land was worth but $4,280, and that the Davenport home was worth $3,800. On this ver-

dict the court made findings of fact and conclusions of law and ordered judgment for $2,880, the full amount claimed by plaintiffs.

Plaintiffs claim that defendant represented that the land was near a school house; that it was on a rural mail route; that good water could be obtained at a depth of 10 or 15 feet; that there were no sand and no stones upon the land; that it was rich fertile soil, well drained, and in good condition for farming, and that these representations were false. There is evidence that these representations were made and that they were untrue. The misrepresentations are actionable, and the evidence is, accordingly, sufficient to sustain the jury's finding on the question of liability.

2. Defendant contends that the evidence shows that plaintiffs were fully acquainted with the character, condition, quality and value of the land before they gave a deed for their property in Davenport; in other words, he contends that, after knowledge of the facts, plaintiffs ratified the transaction.

The rule is well settled that where a person is induced by fraud to enter into a contract and, after discovery of the fraud and while the contract is still executory, ratifies and confirms it, he waives the fraud, but the rule is equally well settled that if he has performed the contract, in whole or in part, before discovery of the fraud, he may affirm the contract without prejudice to his right of action for damages for deceit. Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737. The facts bring this case clearly within the latter principle.

3. The trial court found that plaintiffs were entitled to recover as damages the difference between the contract price and the value of the land, namely, $2,880. In determining whether this is correct, we must bear in mind that no part of the purchase price was paid, except the portion represented by the value of the Davenport house and furniture and $136 of interest money. We think the rule of damages adopted by the trial court was erroneous.

The statement of the rule of damages in such cases has varied and the damages recoverable must vary with the circumstances of the particular case. Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292.

The one general principle of universal application is that the party guilty of the fraud is liable to respond in such damages as naturally

and proximately resulted from the fraud. Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139, 20 Am. St. 540; Vilett v. Moler, 82 Minn. 12, 84 N. W. 452; Shane v. Jacobson, 136 Minn. 386, 162 N. W. 472. This loss will ordinarily be the "difference between what he parted with and what he got." Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139, 20 Am. St. 540; Alden v. Wright, 47 Minn. 225, 49 N. W. 767; Stickney v. Jordan, 47 Minn. 262, 49 N. W. 980; Fixen v. Blake, 47 Minn. 540, 50 N. W. 612; Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292; Ritko v. Grove, 102 Minn. 312, 113 N. W. 629; Knight v. Leighton, 110 Minn. 254, 124 N. W. 1090; Selover, Bates & Co. v. Freeman, 111 Minn. 318, 127 N. W. 9; Nelson v. Gjestrum, 118 Minn. 284, 136 N. W. 858. But this is not invariably true, as where the fraud relates to a matter which can be supplied at a cost less than the difference between what the plaintiff parted with and what he got. Shane v. Jacobson, 136 Minn. 386, 162 N. W. 472.

Where the transaction is a sale and the price has been paid, the rule adopted by the trial court, namely, the difference between the actual value and the purchase price, will ordinarily prove the correct one and will amount to the same thing as "the difference between what he parted with and what he got," and in some cases where payment had been made, the rule has been stated in language similar to that used by the trial court. Mountain v. Day, 91 Minn. 249, 97 N. W. 883; Ritko v. Grove, 102 Minn. 312, 113 N. W. 629; Jones v. Magoon, 119 Minn. 434, 138 N. W. 686; Magnuson v. Burgess, 124 Minn. 374, 379, 145 N. W. 32; Olson v. Northern Pac. Ry. Co. 126 Minn. 229, 148 N. W. 67, L.R.A. 1915F, 962; Humphrey v. Sievers, 137 Minn. 373, 163 N. W. 737. We do not wish to be understood as holding that this may not be the rule even though the purchase price has not been paid, if the vendee remains liable for the unpaid balance of the price. Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292. This question is not before us. Where, however, as is the fact here, part of the purchase price has not been paid and the obligation to pay it has been discharged, the part which plaintiff has not paid cannot be considered as any part of the damage he has sustained. The amount he parted with is the limit of his recovery.

The fact that the notes given by plaintiff for the balance of the purchase price were in legal language paid by the foreclosure sale, does not

147 M.—3.

make their amount proper to be taken into account in estimating his damages. They were discharged by the foreclosure, but only by legal fiction can it be said they were paid. Wood v. Pacific Surety Co. 116 Minn. 474, 134 N. W. 127. Plaintiff did not in fact pay them. Nothing in connection with the foreclosure enhanced his loss. By it, he parted with nothing which he had before the contract was made, and he can therefore recover nothing on account of it.

We find no evidence which would sustain a verdict for an amount greater than the sum of $1,460, the value of the equity in the home, $100, the value of the furniture, and $136 interest paid, in all, $1,696.

For reasons above stated, a new trial must be granted, unless plaintiff assents to a reduction of the verdict to $1,696 and interest from the date of the deed from plaintiffs to defendant. Such assent may be by writing filed within 10 days after the going down of the remittitur.

So ordered.