ALPHEUS B. STICKNEY vs. PETER JORDAN and others.

October 21, 1891.

Sale of Realty—Fraudulent Representation of Title—Damages.—Rule in *Reynolds* v. *Franklin*, 44 Minn. 30, and *Redding* v. *Godwin*, Id. 355, that where one who was induced by deceit to purchase property brings an action for damages, the measure of damages is the difference in the values of what he was so induced to part with and of what he got by the purchase, followed.

Plaintiff brought this action to the district court for Washington county, alleging in his complaint the making by defendants to himself of a promissory note for $6,000, of which he is owner and holder and which is past due and unpaid; that the note was given for the full price of certain lands conveyed by plaintiff to defendant David C. Gaslin, by warranty deed; that at the time of the conveyance plaintiff believed that he had full and absolute title to the lands, but it has since been discovered that he owned only an undivided one-half, the other half being owned in fee by D. M. Sabin, and there is therefore a failure of consideration as to one-half of the note. Judgment is asked for $3,000, with interest. In their amended answer the defendants alleged that, at the time of the sale, and conveyance, the plaintiff falsely and fraudulently represented to Gaslin that he was owner in fee of all the lands, well knowing that he owned but an undi-

vided half, and that Gaslin purchased and received the conveyance relying on such representation. The answer further alleges that the entire value of the lands consisted in the pine timber growing on them fit to be cut and made into saw-logs, and sold as such, the market being at Stillwater in this state. That in order to get the logs to market it was necessary to cut and bank them on a stream tributary to the St. Croix river, and drive them down that stream and the St. Croix river to Stillwater, and that plaintiff knew, when making the sale and conveyance and receiving the note, that Gaslin had purchased the lands for the purpose of cutting the timber and marketing it at Stillwater, and knew that the defendants would incur great expense in so doing, and great loss in case the title to the lands should fail. That after the conveyance the defendants entered on the land, cut thereon 3,000,000 feet of saw-logs, and drove them into the boom at Stillwater, and in so doing expended $16,000. That after the logs reached Stillwater, one James O'Brien, to whom Sabin had conveyed his undivided one-half of the lands, claimed, as such grantee, to be owner of an undivided one-half of the logs, and brought an action of replevin therefor against the defendants, and recovered judgment for $4,406.17. That after the cutting done by defendants there remained upon the lands standing timber to the amount of 1,500,000 feet, of the value of $6,000, and defendants were compelled to and did pay to O'Brien for his undivided one-half the sum of $3,000. That by reason of the premises plaintiffs have been damaged in the sum of $7,406.17, which they allege as a counterclaim, and ask judgment for $3,406.17. It was not alleged what the value of the lands was at the time of the sale and conveyance, nor what was the value of the undivided half. A demurrer to this answer was sustained by *Williston*, J., and the defendants appealed.

*Fayette Marsh*, for appellants.

*Lusk, Bunn & Hadley*, for respondent.

GILFILLAN, C. J.[1] Whether an action for fraudulent representations as to the title, whereby one is induced to purchase real estate, may be maintained by the grantee against the grantor, is, upon the decided cases, not entirely free from doubt. See *Whitney* v. *Allaire*,

[1] Dickinson, J., took no part in the decision.

1 N. Y. 305; *Claggett* v. *Crall*, 12 Kan. 393; *Peabody* v. *Phelps*, 9 Cal. 213. It would hardly seem that an action for *damages* for the deceit would lie where there are express covenants as to title, for in such case the parties have, by their contract, fixed their respective rights and liabilities in the event of a failure of title. It is not necessary in this case to decide that question, for, conceding that the defendant, instead of relying on the covenants, may maintain the counterclaim based on the alleged deceit, still the answer does not show damages greater than the part of the purchase price of the land which the complaint remits on account of the failure of title to an undivided half. The plaintiff claims no more than he is entitled to, for aught that appears in the answer. Where a party, complaining that he was induced by deceit to purchase property, waives his right to rescind, elects to keep what he got by the purchase, and seeks damages for having been fraudulently induced to make it, the doctrine of this court is that the measure of damages is the difference between the values of what he was so induced to part with and what he got. *Reynolds* v. *Franklin*, 44 Minn. 30, (46 N. W. Rep. 139;) *Redding* v. *Godwin*, 44 Minn. 355, (46 N. W. Rep. 563;) *Alden* v. *Wright, supra*, p. 225. In this case the damages would be the difference between the purchase price of the land and the value of the undivided half, to which defendant, as is conceded, got the title. The value of the land is not alleged. The value of the undivided half may have been much greater—indeed, it may be inferred from the answer that it was much greater—than the half of the purchase price for which the complaint demands judgment.

Order affirmed.