GEORGE C. HOWE v. MARY O. COATES and Others.[1]

November 20, 1903.

Nos. 13,612—(44).

**Pleading.**

Allegations of the complaint considered, and *held* that the second supposed cause of action therein does not state facts constituting a cause of action, and that several actions are not improperly united in the complaint.

Cross-appeals by plaintiff and defendants from an order of the district court for Stearns county, Baxter, J., overruling a demurrer

[1] Reported in 97 N. W. 129.

to the complaint as to the first and second grounds thereof. Order affirmed.

*Stewart & Brower, J. L. Washburn,* and *W. D. Bailey,* for plaintiff.

*Reynolds & Roeser, Taylor & Jenks,* and *Calhoun & Bennett,* for defendants.

START, C. J.

The complaint herein purports to allege two separate causes of action. The defendants demurred to the complaint upon the ground (a) that several causes of action are improperly united therein; (b) that, as to the first supposed cause of action, it does not allege facts sufficient to constitute a cause of action; (c) that, as to the second supposed cause of action, it does not allege facts sufficient to constitute a cause of action. The trial court made its order overruling the demurrer as to the first and second grounds thereof, and sustained it as to the third ground. Thereupon the plaintiff appealed from so much of the order as sustained the demurrer to the second supposed cause of action, and the defendants appealed from that part which overruled the demurrer as to the first and second grounds therefor.

The only error here assigned by the defendants is that the court erred in holding that several causes of action were not improperly united in the complaint, and in overruling their demurrer on that ground. Or, in other words, they neither raise nor urge in this court any question as to the correctness of the order appealed from, so far as it holds that the first supposed cause of action alleges facts constituting a cause of action, and overrules their demurrer on that ground. It therefore follows that the order, in so far as it relates to the first alleged cause of action, must be affirmed.

The plaintiff assigns as error that the court erred in sustaining the demurrer to his second supposed cause of action. It is obvious that, if the second supposed cause of action does not allege facts constituting a cause of action, there is and can be no improper joinder of several causes of action in the complaint, because, if such be the case, there is only one cause of action stated in the complaint. Logically, then, the first question to be considered is whether the supposed second cause of action states facts sufficient to constitute a cause of action. It is essential to a clear view of this question to refer to the allegations

of the complaint as to the first cause of action. The complaint as to such cause of action alleges that the parties hereto entered into a written contract on March 12, 1902, whereby an option was granted to the plaintiff to purchase certain lands in the county of Itasca, claimed to be owned by the defendants, and known as the "Arcturus Mine," and sets out the terms of the contract in full. It appears from this contract that the plaintiff, in consideration of $50,000 paid by him to the defendants, was granted the exclusive option to purchase the mine on or before July 12, 1902, for $750,000, and, in case he elected to so purchase, the $50,000 was to be applied on the purchase price of the land, but, in case he elected not to purchase the land, the title thereto being good, then the $50,000 was to be forfeited, as a reasonable consideration for the agreement and liquidated damages for its breach. If, however, the title should prove defective, and was not made marketable within a limited time by the defendants, then the contract, at the election of the plaintiff, and notice to the defendants, should

"Cease and determine altogether and the moneys hereinbefore provided to be paid shall be refunded, in which case there shall be no claim for damages by either party."

The contract also contained this provision:

"It is further agreed between these parties, as a part of the terms and conditions hereof that the said party of the second part, by himself, his personal representatives or assigns, shall have the right, during the period of time between this date and the said 12th day of July, 1902, to enter upon the said premises, or any part thereof, for the purpose of exploring the same for iron ore or other minerals, and of carrying on exploration and development work thereon, for the purpose of informing himself as to the character and value of said premises to whatever extent he may see fit, and that the said parties of the first part shall have the right, while such work is being carried on, to have a representative on the ground who shall have access to such development or exploration work."

The complaint, for a first cause of action, further alleges that the plaintiff paid the $50,000 pursuant to the contract; that the title to the land was defective, alleging in detail the specific defects; that the defendants did not make the title marketable within the time limited; and that the plaintiff for that reason elected not to purchase the land, and so notified the defendants, and demanded the repayment of the $50,000, which they refused to pay.

The complaint, for a second cause of action, realleges the making of the contract between the parties as set forth in the first cause of action, the payment of the $50,000 pursuant to the contract, and that the title to the land was defective and was not made good within the time limited, and that the plaintiff demanded the return of the $50,000, which the defendants refused to repay. The complaint then further alleges that the defendants made certain false representations as to the value of the mine, on which the plaintiff relied, and that, induced thereby, he entered into the contract, and, pursuant to its provisions, expended in exploration work on the land the sum of $12,500, and, further, that the representations were false, whereby the plaintiff was damaged in the sum of $12,500, besides the $50,000 paid on the purchase price of the land.

It is pretty difficult from these allegations to see how the amount expended in exploration could be, in any event, the measure of the plaintiff's damages on account of the alleged false representations, for he did not make the explorations by reason of any representations of the defendants. The allegation of the complaint is that he was induced by reason of the false representations to enter into the contract, and pursuant to the contract incurred the expenses of making the explorations. But he was under no obligations to make any explorations. He had the privilege of making them if he so elected. In an action for damages for false representations whereby the plaintiff was induced to enter into such a contract, his damages would be the difference in the value of the land as it was, and what it would have been worth if as represented. Stickney v. Jordan, 47 Minn. 262, 49 N. W. 980. The allegations of the complaint are not sufficient to bring the case within this rule, and for this reason it seems quite clear that no cause of action for the recovery of anything on account of the explorations is alleged. But this aside, we are of the opinion, and so hold,

that the allegations of the supposed second cause of action, when read in connection with the terms of the contract, are not sufficient to entitle the plaintiff to recover for the cost of the explorations; hence no cause of action is stated.

It is clear from the contract, when considered as a whole, that it was the intention of the parties to fix the rights and liabilities of the parties in case the plaintiff elected not to purchase the land. If he so elected because the title proved defective, and so notified the defendants, then he was to be entitled to be repaid the $50,000, in which case there could be no claim for damages by either party. Now, the allegations of the complaint show that such is this exact case, for the plaintiff elected, not on account of any false representations, but solely because the title was defective, not to purchase the land; hence he is entitled to recover the $50,000 paid on the contract and no more. There being but one cause of action stated in the complaint, there was no misjoinder of actions.

It follows that the order appealed from, and the whole thereof, is affirmed. So ordered.