MINNEAPOLIS, RED LAKE & MANITOBA RAILWAY COMPANY v.
WILLIAM W. BROWN and Others.[1]

November 23, 1906.

Nos. 14,966—(113).

**Pleading—Complaint.**

In order to induce a railway company to extend its road to a village, sixty seven citizens signed a contract by which they bound themselves to procure the right of way, furnish certain material, and obtain from one of their number a transfer to the railway company for terminal purposes of certain real estate then owned by him. In the event of a breach of the contract the maximum amount of damages for which each signer was to be responsible was limited to $500. In an action by the railway company against all the persons who signed the contract, the complaint alleged that the company had performed the contract and that the defendants had failed to perform, and prayed judgment that the defendants who owned the land be required to convey the same; that the court determine the amount of damages to which the plaintiff is entitled by reason of the failure of the defendants to perform the obligations imposed by the contract, and for such other and further relief as to the court may seem just and equitable. On demurrer, *held*, (a) that the complaint states but one cause of action; (b) that the relief to which plaintiff is entitled is determined by the allegations of fact and not by the prayer; (c) that, as the complaint alleges facts which entitle the plaintiff to some relief, the complaint is good on demurrer.

**Misjoinder of Causes.**

When one of two causes of action attempted to be stated in a complaint is bad for want of facts constituting a cause of action, there is no misjoinder of causes of action.

Appeal by defendants, Arne D. Moe and others, from an order of the district court for Beltrami County, Spooner, J., overruling the demurrers to the complaint. Affirmed.

*Gibbons & Torrance, Herbert J. Loud, Henry Funkley, G. W. Campbell,* and *Chester McKusick,* for appellants.

*John Lind* and *A. Ueland,* for respondent.

[1]Reported in 109 N. W. 817.

ELLIOTT, J.

This is an appeal from an order overruling demurrers to the complaint on the ground that several causes of action are improperly joined.

The pleading is very long, but a brief summary of the allegations will be sufficient to enable us to determine the questions which are involved.

In order to induce the respondent railway company to construct an extension of its railroad to the village of Bemidji, sixty seven citizens of the village signed a written instrument in which they jointly and severally agreed to furnish the right of way, the material for a trestle and certain described land in the village for a terminal for the railroad. The contract provided that if the obligees could not procure the right of way at a fair price they should notify the railway company and it should then institute condemnation proceedings, and the cost of obtaining the land through such proceedings would then be paid by the persons who signed the contract. The land which was to be obtained for terminal purposes was owned by Erick J. Swedback, one of the parties who signed the contract, and the provisions for condemnation proceedings did not apply to it. In the event of a failure to perform the contract on the part of the subscribers the amount of damages against each was limited to $500. The damages were not liquidated, but the maximum amount recoverable from each person was limited.

It is alleged that the railway company in all things performed the contract according to its terms and that the defendants failed to perform. All the parties who signed the contract were made defendants and with them was joined Amelia Swedback, the wife of Erick J. Swedback. A demurrer interposed by Mrs. Swedback was sustained, and from the order no appeal was taken.

After stating the contract and alleging in detail the facts constituting performance by the railway company and nonperformance by the defendants, the plaintiff prays judgment (1) that the value of the terminal lands be determined, and that the defendants Erick J. Swedback and Amelia Swedback be required to execute and deliver to the plaintiff good and sufficient deeds to the lands and riparian rights and that the amount of Erick J. Swedback's liability to the plaintiff be liqui-

dated by such conveyance; (2) that the court ascertain and determine the damages to which the plaintiff is entitled by reason of the failure of the defendants to perform the obligations imposed by the contract and the amount which the defendants shall pay respectively by reason of such damages; and (3) for such other and further relief as to the court may seem just and equitable in the premises.

The appellants contend that the complaint improperly joins different causes of action, namely, (a) a cause of action against Amelia Swedback alone; (b) a cause of action for damages against all the defendants but Amelia Swedback, and (c) a cause of action against Erick J. and Amelia Swedback for specific performance of the agreement to convey certain land owned by them.

The complaint did not state a cause of action against Amelia Swedback. She did not sign the contract and a judgment against her husband would not have affected her interest in the land. The order of the trial court not appealed from eliminated her from the action and left the other defendants in the position they would have occupied had the action been dismissed as to her. The allegations with reference to her are, in legal effect, stricken from the complaint and the other defendants cannot possibly be injured or embarrassed by the unsuccessful attempt to state a cause of action against her. Howe v. Coates, 90 Minn. 508, 97 N. W. 129.

As we construe the complaint, it states but a single cause of action. The contract is entire and the right of redress for the breach of such a contract constitutes but one cause of action. Each signer of the contract obligates himself for the performance of all its provisions, limiting, however, the amount of damages for which he personally may be called upon to respond in case of breach to $500. The nature of the action and the nature and extent of relief is determined, not by the prayer, but by the facts as alleged. If the complaint states a cause of action which entitles the plaintiff to some relief, it is not subject to demurrer because all the relief demanded may not be obtainable. It certainly states a cause of action against all the defendants for damages, regardless of the prayer for specific performance by the defendant Swedback, and this saves it as against demurrer. The relief to which the plaintiff is entitled will be determined by the court after hearing the evidence.

Order affirmed.