## JULIA UPTON v. MABEL B. MERRIMAN and Another.[1]

June 20, 1913.

Nos. 17,998—(114).

**Second trial — statute not applicable.**

Section 4430, R. L. 1905, granting a second trial in actions for the recovery of real property, does not apply to an equitable action for the determination of the title, in which a counterclaim in ejectment was interposed, but was dismissed prior to the trial.

After the former appeal, reported in 116 Minn. 358, 133 N. W. 977, judgment was entered as stated in the opinion (page 160, infra).

[1] Reported in 142 N. W. 150.

Plaintiff then demanded a second trial of the action, which was denied. Defendants moved to strike the demand for a second trial from the files and the motions were granted, Waite, J. From the order granting the motions, plaintiff appealed. Affirmed.

*S. R. Child* and *Benjamin Drake,* for appellant.

*Spooner, Laybourn & Lucas,* for respondent.

TAYLOR, C.

The real estate which gives rise to this controversy was owned by Anna M. Upton in her lifetime, and was occupied by herself and her husband, Charles H. Upton, as their homestead. She died intestate in 1888, and was survived by her husband and by four sons and one daughter. The daughter is the defendant Mabel B. Merriman. Prior to the death of Mrs. Upton, she and her husband had given a mortgage upon the homestead which was foreclosed after her decease. The title acquired under the foreclosure sale was purchased by and conveyed to Charles H. Upton. Thereafter, and in 1894, Charles H. Upton executed a deed for the purpose of conveying the homestead to his daughter, the defendant Mabel B. Merriman, subject to a life estate therein reserved to himself, but the deed was defective in failing to designate the block in which the lot was located.

On the day following the execution of this deed, the plaintiff and Charles H. Upton were married and immediately took up their residence upon these premises. They resided thereon as husband and wife until the death of Mr. Upton on May 27, 1910, and the plaintiff has continued to reside thereon ever since.

On the theory that her husband died seized in fee of the property, by virtue of having purchased the title acquired under the foreclosure sale, the plaintiff brought this action to cancel the deed above mentioned, and to establish her title to a life estate in her husband's homestead as his surviving widow.

The defendant, Mabel B. Merriman, interposed an answer which she divided into four subdivisions. The first subdivision denies certain allegations contained in the complaint, and admits certain other allegations contained therein. The second subdivision first sets forth

the transactions in respect to the mortgage above mentioned, and presents the claim that the title under the foreclosure sale acquired by the father, who at the time held a life estate in the property, inured to the benefit of the children so far as necessary to protect their interests therein as remaindermen. It then sets forth that, as defendant was the only daughter, it was the desire of her mother and the understanding and intention of her father and of her brothers, that her mother's homestead should go to her, subject only to the life estate of her father; and that the deed above mentioned was executed by her father to carry out this understanding and intention, and for the purpose of conveying the title to her, subject only to her father's life estate. The third subdivision sets forth, as a counterclaim, a cause of action for the reformation of the above mentioned deed. The fourth and last subdivision sets forth, as a second counterclaim, a cause of action, in ejectment, for the recovery of the possession of the premises and of damages for the witholding thereof.

In her prayer for relief, the defendant asks that the plaintiff take nothing by this action and be adjudged to have no interest in the property; that the deed be reformed by inserting therein a correct description of the property, and that she recover possession of the premises and damages for the withholding of such possession.

In her reply, the plaintiff denied certain allegations in the answer, admitted certain other allegations therein, and demurred to the counterclaim setting forth the cause of action in ejectment. Thereafter and before the trial, the defendant, in writing, withdrew and dismissed the second counterclaim—the one purporting to set forth the cause of action in ejectment—but made no formal amendment to the prayer for relief.

After the decision of this court upon the former appeal (reported in 116 Minn. 358, 133 N. W. 977) judgment was entered that, "Charles H. Upton held in his own right only a life estate in the premises, *  *  *  and held the remainder of the fee therein in trust for the five children of himself and Anna Maria Upton. That plaintiff is not the owner of any estate or interest in said premises, and is not entitled to the relief prayed for in her complaint, nor any thereof; that the above entitled action be, and the same is hereby dis-

missed as against the defendant Harry Merriman * * * that as against the plaintiff herein, defendant Mabel B. Merriman is the owner of an undivided one-fifth part of the property hereinbefore described, and entitled to the immediate possession of said premises, and that she recover from the plaintiff, the sum of thirty-five and 83/100 dollars, her costs and disbursements herein; that said last named defendant is not entitled to the other relief prayed for in her answer nor any thereof."

Thereafter plaintiff paid the costs and disbursements and demanded a second trial under section 4430, R. L. 1905, which so far as here material, is as follows: "Any person against whom judgment is recovered in an action for the recovery of real property * * * may demand another trial by notice in writing to the adverse party, or his attorney, and thereupon the action shall be retried."

On motion of the defendant this demand was stricken from the files, and the plaintiff appeals. The only question involved is whether she is entitled to a second trial under the statute quoted.

The complaint alleged that the plaintiff was in possession of the premises. Other than this, no allegation whatever in respect to the possession remained in any of the pleadings after the cause of action in ejectment set out in the answer had been dismissed. No allegation as to the right of possession, or as to who was entitled thereto, remained in either the complaint, the answer, or the reply.

The fact that no amendment was made to the prayer for relief when the cause of action in ejectment was dismissed is not important. "The nature of the action and the nature and extent of relief is determined, not by the prayer, but by the facts as alleged." Minneapolis, Red Lake & M. Ry. Co. v. Brown, 99 Minn. 384, 109 N. W. 817; Colstrum v. Minneapolis & St. L. Ry. Co. 31 Minn. 367, 18 N. W. 94; Hatch v. Coddington, 32 Minn. 92, 19 N. W. 393; City of Albert Lea v. Knatvold, 89 Minn. 480, 95 N. W. 309.

There may be cases in which it is proper to consider the prayer for relief in determining the nature of the action, but the voluntary dismissal of the cause of action to recover possession of the property, leaves so much of the prayer as is based upon that cause of action without significance.

122 M.—11.

The statute cited has been repeatedly construed by this court. In the last case in which it was considered, Bracken v. Trones, 118 Minn. 18, 136 N. W. 281, the court says: "In ascertaining the validity of the claim of a party to a statutory new trial as of right, the court looks at the substance of the action; and, regardless of the form of the pleadings, if the action is in fact one in which either party seeks to recover possession of real property, the right is held to exist. 2 Dunnell, Minn. Dig. § 7209. But to bring the case within the rule it must appear, not only that the realty is in possession of one of the parties, but that the right to its possession is in controversy and is demanded by the other. * * * To adopt the construction of the statute urged by the defendant would extend its application to all cases where the title to realty is in controversy; for the ultimate right of possession is always involved in the question of title. The fact that the right of possession is indirectly questioned is insufficient to bring the case within the statute; and the right must be limited to cases where judgment of ouster is sought against the party in possession." That decision is decisive of the instant case.

It is suggested, however, that we should infer from the part of the judgment in the instant case which declares that the defendant is "entitled to the immediate possession of said premises," that the right to recover possession was litigated by consent. It is not adjudged that defendant recover the property, and it is adjudged that she "is not entitled to the other relief prayed for in her answer nor any thereof." This limits her rights under the judgment to those expressly stated.

"The judgment in ejectment is for the plaintiff, or defendant; for the former, that he *recover his term* in the tenements demised, with or without damages and costs." Tidd's Practice, 1240; 3 Blackstone Com. 200; Newell on Ejectment, Sec. 4; Tyler on Ejectment, 584; Wightman v. Doe ex dem. Reynolds, 24 Miss. 675; Kershner & Kurfman v. Kershner's Lessee, 36 Md. 309, 335.

The ordinary form of judgment in an action at law is that the prevailing party *recover* from the other a specific sum of money, or a specific parcel of real estate, or specific chattels. It must specify clearly the relief granted. Freeman on Judgments, §§ 50-50c;

Freeman on Executions, §§ 2–4; Norton v. Beckman, 53 Minn. 456, 55 N. W. 603; Tidd v. Rines, 26 Minn. 201, 2 N. W. 497.

Our statute, section 4266, R. L. 1905, requires that the judgment shall, "clearly specify the relief granted." Section 4288 provides, "Where a judgment requires the payment of money, or the *delivery of real* or personal property, it may be enforced in those respects by execution." To justify ousting the party in possession by execution, the judgment must show clearly that such relief was granted. The judgment in question does not, at least in terms, determine that defendant recover the property, nor require that the same be delivered to her.

Where a judgment is indefinite or uncertain, the record may be resorted to for the purpose of removing the uncertainty. But an examination of the record in the instant case fails to show that the right to recover possession was either involved or litigated, and the judgment is insufficient to authorize the issuance of an execution for the delivery of possession.

Order affirmed.