# HILJA VIILIAINEN AND OTHERS v. AMERICAN FINNISH WORKERS SOCIETY AND OTHERS.[1]

April 25, 1952.

No. 35,699.

[1]Reported in 53 N. W. (2d) 112.

*Paul Sterling, Martin Hughes,* and *Gannon & Morton,* for appellants.

*M. J. Mulvahill* and *G. V. Jokinen,* for respondents.

MATSON, JUSTICE.

Appeal from a judgment entered subsequent to the striking of an amended complaint which was served after demurrers to the original complaint had been sustained.

Plaintiffs bring this action for themselves and for other members of the Finnish Workers Club, hereinafter called the club. The club, formerly known as Hedelma Seura and Socialisti Osasto, was first

organized in 1904 in the village of Hibbing as an unincorporated association to promote and improve the social and economic welfare of its members and of the community. One defendant is a corporation named the American Finnish Workers Society, hereinafter called the corporation. The individual defendants are either officers or directors of the corporation.

The original complaint sets forth the following facts: In 1909, after selling its first building for $1,000, the club raised money through personal loans by its members and by mortgage for the building of a Workers Hall as a meeting place. Prior to the construction of the Workers Hall, defendant corporation was formed as a nonstock, charitable or eleemosynary corporation under R. L. 1905, §§ 3102 to 3109. The corporation was formed pursuant to action taken at a meeting of the club members. The corporate defendant demurred to the complaint. A separate demurrer was interposed by the individual defendants as a group. We shall therefore distinguish between the allegations of the complaint as they relate to the corporation and as they relate to the individual defendants as officers and directors.

### ALLEGATIONS CONCERNING CORPORATE DEFENDANT

At the preincorporation meeting of the club, it was agreed that the corporation to be formed was to be the agent and representative of the club and as such was to hold title to all club property and assets, and further that any member of the club who was of good character and who was proposed by the club should be admitted to the corporation. It is further alleged: (1) That the Workers Hall, which was built in 1909, was sold by the corporation for $50,000 in 1939 and that the corporation has now in its possession $60,000 in money and property contributed solely by the club and its members; (2) that since 1939 the club has frequently demanded of the corporation that it build or purchase a hall for club use; (3) that the corporation has refused to admit members proposed by the club with the exception of three individuals; (4) that the corporation has misapplied assets in establishing a burial fund of $6,500 for the

sole benefit of corporation members to the exclusion of club members; (5) that the corporation in violation of its fiduciary obligation to the club has, without any consideration, satisfied a collectible mortgage note. There are no allegations as to the provisions of the corporate charter or as to the powers of the corporation.

### ALLEGATIONS CONCERNING DEFENDANT
### OFFICERS AND DIRECTORS

At the preincorporation meeting, it was further agreed that the *officers* of the corporation to be formed should report semiannually to the *club* (not to the corporation or its members or directors) as to all corporate action and corporate receipts and disbursements, and further that no one could qualify as an officer or member of the corporation unless he was at all times a member of the club. It was further alleged that members of the corporation, prior to the sale of the hall in 1939, rendered semiannual accounts to the club, admitted club members to the corporation, and otherwise complied with the terms of the preincorporation agreement. It is alleged, however, that since the sale of the property in 1939 the *officers and members* of the corporation have ignored the obligation of the corporation as an agent of the club: (1) By failing to make a semiannual accounting to the club; (2) by purchasing out of assets of the corporation, *without authority of the club,* a certain building which has no room for a meeting place for the club but is rented to commercial tenants and to certain members of the corporation for living quarters; (3) that the present officers of the corporation and many of its members are not now members of the club and are therefore ineligible to hold corporate office or membership; (4) that the corporate officers and members have misapplied $6,500 of agency money as a burial fund for the sole benefit of corporate members to the exclusion of club members; (5) that the officers and members of the corporation have threatened and are threatening to sell all assets held by the corporation and to divide the proceeds among themselves to the exclusion of club members.

The complaint prays judgment that all property held by defendant corporation is held by it as agent for the equitable owner, the club; that the corporation and its officers and members shall account to the club for all receipts and disbursements; that all officers and members of the corporation shall be adjudged ineligible to continue as corporate officers and members unless they reinstate themselves forthwith as members of the club; that funds misappropriated or misapplied by the corporate officers be restored; that the corporation and its officers and agents be enjoined from disposing of or encumbering the club's property.

Defendant corporation demurred to the above complaint. A separate demurrer was interposed by the individual defendants. Both demurrers were sustained.

Plaintiffs then served an amended complaint which followed the original almost word for word, except that it alleged that the club, from the time of incorporation until about 1939, managed and operated the Workers Hall—title to which was in the corporation— and paid all expenses for its operation and maintenance. Also, it alleged that some corporate records had been lost or concealed. Defendants' motion to strike the amended complaint because it did not in any material respect differ from the original complaint, and for entry of judgment, was granted. Plaintiffs' appeal is from the judgment.

■ It was not error to strike the amended complaint. The only new matter which it presented is immaterial. If a party to whose pleading a demurrer is sustained again proposes the same pleading, or one with additions which are clearly immaterial and of no legal consequence, and thus makes unfair use of the leave to amend, his amended pleading, if the ends of justice are promoted thereby, may be stricken. Supornick v. National Council, 141 Minn. 306, 170 N. W. 507; 5 Dunnell, Dig. § 7560. A corporate body, through compliance with general incorporation statutes, acquires by favor of the state a status which carries with it an inherent and unqualified responsibility of seeing that its actions are always compatible with the public welfare. This responsibility is not subject to divestiture

in whole or in part by an unlawful exercise or usurpation of the corporate franchise privileges by others.[2] Clearly, it is immaterial that the club, as a voluntary organization wholly outside the corporation as a matter of law, may have managed or operated the Workers Hall. No right of control over the corporation or its officers could thereby be acquired by the club.

█ In view of the fact that the amended complaint was properly stricken, the appeal from the judgment presents for review the question whether the trial court erred in sustaining the demurrers to the original complaint. Although an amended pleading ordinarily supersedes the original complaint to which a demurrer has been interposed and sustained,[3] it is otherwise if the amended complaint is stricken, because then the case stands as if no amended pleading had ever been served, and any subsequent judgment is entered pursuant to the order sustaining the demurrer.[4] Even though the time for appealing from an order sustaining a demurrer has expired, an appeal from a judgment entered pursuant thereto brings such order up for review.[5]

█ In passing upon the orders sustaining the demurrers, it must be borne in mind that the sufficiency of the complaint must be determined exclusively upon the facts pleaded; therefore, the prayer for relief cannot be considered as a part of plaintiffs' cause of action.[6]

█ The demurrer of the individual defendants was properly sustained. The complaint is based on the theory that the officers and

[2]See, In re Dissolution of E. C. Warner Co. 232 Minn. 207, 45 N. W. (2d) 388; Seitz v. Michel, 148 Minn. 80, 181 N. W. 102, 12 A. L. R. 1060; State ex rel. Brun v. Oftedal, 72 Minn. 498, 75 N. W. 692.

[3]Berghuis v. Korthuis, 228 Minn. 534, 37 N. W. (2d) 809; 5 Dunnell, Dig. & Supp. § 7706.

[4]See, Disbrow v. Creamery Package Mfg. Co. 110 Minn. 237, 125 N. W. 115; 5 Dunnell, Dig. & Supp. § 7560a.

[5]Disbrow v. Creamery Package Mfg. Co. *supra;* see, Seagram-Distillers Corp. v. Lang, 230 Minn. 118, 41 N. W. (2d) 429.

[6]See, Minneapolis, Red Lake & Manitoba Ry. Co. v. Brown, 99 Minn. 384, 109 N. W. 817; Upton v. Merriman, 122 Minn. 158, 142 N. W. 150; 1 Pirsig's Dunnell, Minn. Pl. § 123; 41 Am. Jur., Pleading, § 110.

directors of the corporation have a duty to account to the club for the actions of the corporation and for its receipts and disbursements. Nothing can be more erroneous. It is illegal for any officer or director of a corporation to impair his duty of undivided loyalty to the corporation by exercising his official duties for the benefit of any individual or group other than the corporation itself, and any agreement whereby he makes himself accountable or responsible to such individual or group for the corporation's actions is contrary to public policy and void.[7]

■ Defendant corporation's demurrer was also properly sustained. Although charter and bylaw provisions are ordinarily pleaded defensively, they must be pleaded affirmatively where they are incidental to the contract or right asserted.[8] This is particularly true in the instant case. It is to be borne in mind that R. L. 1905, §§ 3102 to 3109, unlike the Minnesota nonprofit corporation act, L. 1951, c. 550, and unlike M. S. A. c. 309 (now in part repealed by L. 1951, c. 550), are extremely sketchy as to the specific purposes and powers of corporations which may be organized thereunder. These sketchy statutory provisions are of no aid in determining the status of the corporation and its legal relationship with the club. In fact, it is well nigh impossible to determine defendant corporation's contractual liabilities—in the absence of allegations as to its charter and bylaw provisions—because the scope and specific nature of the preincorporation contract terms are necessarily qualified by, if not wholly dependent upon, the provisions of the corporate charter.

■ In another respect as to defendant corporation the complaint is defective. There is no allegation that the corporation expressly adopted or ratified the preincorporation agreement. Do we have an

---

[7]Jacobson v. Barnes, 176 Minn. 4, 222 N. W. 341; Ray v. Homewood Hospital, Inc. 223 Minn. 440, 27 N. W. (2d) 409.

[8]See, 9 Fletcher, Cyc. Corp. (Perm. ed.) §§ 4514, 4540. The necessity for affirmative pleading of charter and bylaw provisions usually arises in suits between a corporation and its members or officers and in suits— similar to the instant case—which are based on preincorporation agreements impliedly qualified by charter provisions.

implied ratification? Without question, ratification by implication can result only from unequivocal acts which necessarily imply ratification. We do not have here such unequivocal acts. Defendant corporation's conduct in accepting title to the property and permitting a user thereof by the club is equivocal in that it is not necessarily indicative of the agency relation set forth in the complaint, but is equally consistent with a broader corporate purpose which is inclusive of a privilege of user by the club. Corporate ratification cannot be established by such equivocal conduct. See, 1 Fletcher, Cyc. Corp. (Perm. ed.) § 211.

■ Furthermore, the allegation as to the refusal of the corporation or its officers to admit to corporate membership club members proposed by the club is of no significance. In the absence of charter or statutory restrictions, it is to be presumed that a corporation may determine who shall be admitted to membership and how they shall be admitted. 12 Fletcher, Cyc. Corp. (Perm. ed.) § 5687. In other respects, the allegations of the complaint are so nebulous and uncertain that to spell out a cause of action against the corporation becomes wholly speculative. The trial court's order sustaining defendant corporation's demurrer must be sustained.

If the corporation has violated its charter, or if its officers and directors have failed or neglected to perform their official duties or have in any manner abused their trust, the law provides a remedy which may be invoked in the proper manner. It is unnecessary for us to determine whether the plaintiffs are the proper parties to the action, or whether defendant corporation, in the light of its apparent purpose, is either a charitable or an eleemosynary corporation.

■ We have no settled case or bill of exceptions. In reviewing an order or judgment of the trial court based exclusively upon the original records on file, a settled case or bill of exceptions is not necessary *if the original file has been returned to this court.* Pursuant to M. S. A. 605.04, a litigant who desires the benefit of this rule bears the burden of taking the necessary steps to have the original file forwarded to the clerk of the supreme court *prior to*

*the date of argument.* Holtberg v. Bommersbach, 235 Minn. 553, 51 N. W. (2d) 586.

The judgment of the trial court is affirmed.

Affirmed.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.

---

[1]Reported in 53 N. W. (2d) 130.