**Joseph T. HANSEN, Trustee of Local Union P–9, Appellee,**

v.

**Lynn HUSTON, John Weis, Jim Retterath, Suspended Executive Board Members of Local P–9, Austin Labor Center, Inc., Appellants.**

No. 87–5159.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1987.

Decided March 17, 1988.

Rehearing and Rehearing En Banc Denied May 3, 1988.

John D. Cann, Minneapolis, Minn., for appellants.

James E. Pfander, Washington, D.C., for appellee.

Before JOHN R. GIBSON, BOWMAN and WOLLMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

The trusteeship imposed on United Food and Commercial Workers Local P-9 by the UFCW International pursuant to the UFCW Constitution is before us again. The issue we must decide is whether Minnesota corporations law prevents the trustee from taking control of the corporation that holds title to the Local P-9 union hall. The individual appellants are suspended executive board members of Local P-9, who have been ordered to recognize appellee Joseph T. Hansen as trustee for Local P-9 and to surrender the assets of Local P-9 to him as trustee. Appellant Austin Labor Center, Inc. (ALC) is a Minnesota nonprofit corporation, created to hold title to Local P-9's union hall. After the individual appellants, purporting to act as ALC, threatened to evict Hansen from the Local P-9 union hall, the district court[1] granted Hansen a preliminary injunction ordering the individual appellants to recognize Hansen's appointees as directors of ALC and to deliver to Hansen custody and control of ALC's books, records, and assets. The district court denied ALC's motion to intervene. We affirm.

The facts leading up to the appointment of Hansen as trustee are reported in our earlier decision, *Hansen v. Guyette*, 814 F.2d 547, 549 (8th Cir.1987), in which we affirmed the district court's preliminary injunction enforcing the trusteeship.

ALC was incorporated in 1953 by the Local P-9 president and others to hold title to real estate for Local P-9, and Local P-9 promptly transferred to ALC the real estate on which the Local P-9 union hall was later built. The ALC articles provided for a non-stock, non-profit corporation. Every ALC member was required to be a member of Local P-9, and directors were to be chosen from the ALC membership. The union hall was leased to Local P-9 in 1956 under a twenty year lease, and Local P-9 continued in the hall as a holdover tenant after the lease expired, though it paid no rent after the local went on strike in Au-

gust, 1985. There was evidence that corporate formalities were not observed in that a Local P-9 officer having no ALC office expended ALC moneys for the benefit of Local P-9; and in that the ALC directors had purported to lease corporate property without procedural steps required under ALC's articles. The individual appellants were all members of the ALC Board of Directors.

The day after the district court entered its order requiring the Local P-9 executive board members to deliver Local P-9's assets to Hansen, *see Hansen v. Guyette*, 636 F.Supp. 907 (D.Minn.1986), the ALC directors convened and attempted to exercise control over the union hall. Hansen filed affidavits establishing that these directors threatened to evict him and his deputies from the union hall and refused to turn over ALC books, records and assets to him. Hansen appointed new directors for ALC from the Local P-9 members in good standing, but the former ALC board members, including the individual appellants, refused to recognize the new directors and have continued to act as ALC directors.

Hansen brought this motion in the continuing trusteeship case for a preliminary injunction ordering the former Local P-9 board members to recognize Hansen's new appointees as directors of ALC and to turn over to Hansen all ALC books, records and assets. ALC moved to intervene.

The district court granted Hansen's motion, finding that ALC did not operate as an entity separate from Local P-9, but that since the trusteeship appellants had denied the trustee the same power over ALC that had been previously exercised by P-9. *Hansen v. Guyette*, No. 3-86-437, slip op. at 3 (D.Minn. March 16, 1987). In effect, the former Local P-9 board members had used the ALC corporate entity for the purpose of frustrating the trusteeship. The district court also found that the individual appellants were no longer members of Local P-9 and thus were no longer eligible to be directors of ALC. *Id.* at 4. The district

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

court denied ALC's motion to intervene. *Hansen v. Guyette*, No. 3–86–437 (D.Minn. April 15, 1987).

On appeal the former Local P–9 board members argue that under state law, ALC is an autonomous corporation which the Local P–9 trustee has no power to control. ALC argues it should have been allowed to intervene as of right.

The former Local P–9 board members' state law arguments are beside the point. This case is before the court as part of an ongoing controversy between two labor organizations, the UFCW International and Local P–9, arising under the UFCW Constitutional provisions for trusteeship. *See Hansen v. Guyette*, 814 F.2d at 550. Consequently, jurisdiction exists under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1982). *United Association of Journeymen v. Local 334*, 452 U.S. 615, 101 S.Ct. 2546, 69 L.Ed.2d 280 (1981). Therefore, the substantive law to be applied " 'is federal law, which the courts must fashion from the policy of our national labor laws.' " *Id.* at 627, 101 S.Ct. at 2553 (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 918, 1 L.Ed.2d 972 (1957)).

■ Under federal law, state law doctrines of corporate autonomy may be disregarded when the corporate form is being used to defeat the ends of federal law:

Although a corporation and its shareholders are deemed separate entities for most purposes, the corporate form may be disregarded in the interests of justice where it is used to defeat an overriding public policy. In such cases, courts of equity, piercing all fictions and disguises, will deal with the substance of the action and not blindly adhere to the corporate form.

*Bangor Punta Operations, Inc. v. Bangor & Aroostook Railroad Co.*, 417 U.S. 703, 713, 94 S.Ct. 2578, 2584, 41 L.Ed.2d 418 (1974) (citations omitted); *accord, Van Wyk v. Bergland*, 570 F.2d 701, 705 (8th Cir.1978). This is particularly true in cases in which the parties who seek to benefit from the corporate form have themselves disregarded that form for their own purposes. *See Contractors, Laborers, Teamsters and Engineers Health and Welfare Plan v. Hroch*, 757 F.2d 184, 190–91 (8th Cir.1985).

■ The record contains evidence that corporate formalities were not followed in conducting ALC's business and that Local P–9's expenses were paid from ALC funds. *See Hroch*, 757 F.2d at 190 (corporate form may be disregarded if there was failure to follow corporate formalities or use of corporate funds to pay individual's obligations). The district court found that ALC did not function separately from Local P–9, and this factual finding is not clearly erroneous. Furthermore, it appears from the evidence and is implicit in the district court's recital of facts that the suspended Local P–9 officers used ALC's corporate form to frustrate a trusteeship that we have already held to have been imposed for a proper purpose under the Landrum–Griffin Act, 29 U.S.C. § 462 (1982). *See Hansen v. Guyette*, 814 F.2d at 550–52.

Since the enforcement of union constitutions is a matter of federal concern, *United Association of Journeymen*, 452 U.S. at 624, 101 S.Ct. at 2551, and ALC's corporate form was being used to frustrate enforcement of the UFCW Constitution, the district court did not err in disregarding ALC's corporate autonomy in order to effectively institute the trusteeship. *See Hroch*, 757 F.2d at 190–91.

The appellants urge us to adopt state law as guidance in applying federal law under section 301. Specifically, they urge application of *Viiliainen v. American Finnish Workers Society*, 236 Minn. 412, 53 N.W.2d 112 (1952), in which a building corporation was held to be autonomous and beyond the control of the members of the association which had incorporated it. The most obvious distinction between this case and *Viiliainen* is that no federal policy was frustrated by the corporate form in *Viiliainen*, while here the corporate form is being used to frustrate an international union's enforcement of its constitution. The *Viiliainen* case is also distinguishable because there it was the members of the association that had allegedly dominated the corpora-

tion who sought to use their prior actions as a justification for disregarding the corporate form, while here the members of the association that dominated the corporation now seek to interpose its autonomy to accomplish their own ends.

We conclude that the district court's grant of the preliminary injunction was proper and we affirm it. By the same reasoning, ALC's motion to intervene as of right was properly denied. Since Local P–9 and ALC have been held not to operate as separate entities, ALC's interests are adequately represented in this action between the Local P–9 trustee and suspended officers, and intervention as of right is not available to ALC. Fed.R.Civ.P. 24(a).

The judgment of the district court is affirmed.