### J. ARTHUR KNIGHT and Others v. ROBERT S. LEIGHTON.[1]

February 25, 1910.

Nos. 16,436—(223).

**Measure of Damages.**

In an action for deceit and fraud in the purchase of lands, the measure of damages is the difference in the value of that with which the plaintiff parted and that which he received in exchange.

**Same — Fraud in Purchase of Land.**

When the fraud consisted in part as to the value of plaintiff's land and the necessity or advisability of a sale, the price agreed upon by plaintiff at the time of the sale as the value of his land is not controlling. He may upon the trial show a higher value, and such larger amount may be taken by the jury as the value of that with which the plaintiff parted.

**Same — Party Plaintiff.**

In such a case a joint owner, who received a stipulated share in cash, is a proper coplaintiff in an action for damages.

Action in the district court for Hennepin county against Robert S. Leighton, Wyvell-Harrington Company, James Stanley, George T.

[1]Reported in 124 N. W. 1090.

Propper and Harry Seymour to recover $15,000 for conspiracy among defendants in deceiving plaintiffs in the exchange of the equity in their real estate in Hennepin county for money and land in Red Lake county. Defendant Leighton's separate answer was a general denial. The case was tried before Simpson, J., and a jury which returned a verdict against defendants for the sum of $6,254. From an order denying his motion for a new trial, defendant Leighton appealed. Affirmed.

*Benton, Molyneux & Morley,* for appellant.

*S. R. Child* and *Benjamin Drake,* for respondents.

O'Brien, J.

The plaintiffs, J. Arthur Knight and his sisters, Louisa B. Lewis and Helen B. Backus, were the owners of certain improved real estate in the city of Minneapolis, which they claimed was worth $22,000, and upon which there was a mortgage of $7,000. The plaintiffs had inherited the property from their father, and it was managed for them by one George Dredge. The plaintiffs claimed that in February, 1906, the defendants formed a conspiracy to obtain the property of the plaintiffs, and that Dredge actively assisted in carrying out the plan; that in so doing he, while assuming to act as the agent and confidential adviser of the plaintiffs, but in reality aiding the defendants by advising the plaintiffs that their property was of no greater value than $13,000, represented he had procured a purchaser for the land at that price in the person of one Stanley, who would assume the mortgage for $7,000, pay $3,000 in cash, and deed to the plaintiffs eighty acres of land in Red Lake county, Minnesota, for which a purchaser in the person of one Seymour stood ready to pay the sum of $3,500; that in fact Stanley knew nothing of the transaction, but was falsely impersonated by some other person; that Seymour was wholly irresponsible, and never intended to take the Red Lake county land, which in fact was of very little value, and neither situated as nor of the character represented; that all of this was done in pursuance of the unlawful conspiracy to obtain the plaintiffs' land. The appellant admitted he was the actual purchaser, and testified

that he immediately resold it for something less than $13,000. One of the plaintiffs, Helen B. Backus, living in New York, refused to sign the deed until it was agreed that she should receive her full share of the transaction in cash on the basis of the values above stated, and this was done. The jury returned a verdict in favor of the plaintiffs for $6,254, and from an order denying a new trial this appeal is taken by the defendant Leighton.

The trial court instructed the jury that, if the defendants were liable to the plaintiffs, "the damages would be the difference between what the plaintiffs were induced to part with and what they received, fixing values at the time of the deal, at the time the transaction occurred," and again, when speaking of the claims of the respective parties: "On the other hand, the plaintiffs claim that the value was greater at this time, even upon the market, for the purpose of sale. The plaintiffs claim that the opinion of the owners was not a criterion as to its value, and that the condition of the property, in the opinion of the witnesses who have been summoned here, would tend to establish a higher value." The appellant contends that in no event could greater damages be allowed than the difference between the price for which the plaintiffs agreed to sell their property, to wit, $13,000, an amount to be arrived at by taking the aggregate of the mortgage, $7,000, $3,000 cash, and the fair value of the Red Lake county lands, so that the damages necessarily were less than $3,500, the sum for which it was represented the Red Lake county lands could be sold; that the court erred in submitting to the jury as the measure of damages the difference between the value of the plaintiff's property, as fixed by the jury, and the amount received by them for it.

1. It is not contended by the appellant that the evidence was not sufficient to justify the submission to the jury of the plaintiffs' claim for damages; but appellant does claim that there is no evidence to show that the appellant, Leighton, was in any way connected with any deception practiced upon the plaintiffs with reference to their property, and that Dredge is now conspiring with the plaintiffs and others to make the appellant solely responsible, and that the court erred in permitting the jury to hold appellant responsible for any misrepre-

sentations made by Dredge; that the only responsibility of appellant was for the representations as to the value of the Red Lake county lands of which he was the owner. We cannot agree with this contention. The evidence was sufficient to sustain the finding that there was a conspiracy to carry out this transaction, and that each step taken was for appellant's benefit to a greater or less extent. Dredge, in advising the plaintiffs that their property was worth no more than $13,000, if he did so, was merely carrying out a part of the general plan. The charge of the court as to the responsibility of appellant for the fraudulent acts of Dredge was correct.

2. Had the plaintiffs voluntarily placed their property upon the market at the price named, and had the wrongs practiced upon them been confined exclusively to the value of the property given them in exchange, there would be a great deal of force in the appellant's contention that the damages should have been limited to the amount falsely represented as the value of the Red Lake county lands; but the plaintiffs' claim is that the conspiracy was twofold: First, to persuade them to undervalue their own property; and, next, to misrepresent the value of the property which they received in exchange for it. If this is true, there can be no question that the plaintiffs are entitled to whatever damages they actually sustained. The evidence as to this contention, while not as clear as upon other questions, was sufficient, when taken in connection with all the testimony, to justify the jury in finding that Dredge had, while assuming to act upon their behalf, fraudulently induced them to accept the price stated. The measure of plaintiffs' damages was, therefore, when based upon the plaintiffs' entire claim, correctly described by the trial court as the actual difference between the value of the property with which they were induced to part and that which they obtained in exchange, and the damages were not excessive. Reynolds v. Franklin, 44 Minn. 30, 46 N. W. 139, 20 Am. St. 540; Fixen v. Blake, 47 Minn. 540, 50 N. W. 612; Wallace v. Hallowell, 56 Minn. 501, 58 N. W. 292; Ritko v. Grove, 102 Minn. 312, 113 N. W. 629.

3. We think Helen B. Backus had the same right to maintain this action as had the other plaintiffs, notwithstanding the fact that she

110 M.—17

received her share of the proceeds in cash, and, the action being one in which the plaintiffs could properly join, the verdict covers the damages sustained by all. The proper division between the plaintiffs of the amount recovered is a matter in which the appellant has no interest.

The other assignments of error are practically included in what has already been said, and need not be considered separately.

. The order denying a new trial is affirmed.