[Civ. No. 3610. Third Appellate District.—February 19, 1929.]

JOHN E. WELLNITZ, Respondent, v. SACRAMENTO SUBURBAN FRUIT LANDS COMPANY (a Corporation), Appellant.

Butler, Van Dyke & Desmond for Appellant.

Ralph H. Lewis and George E. McCutchen for Respondent.

FINCH, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff for damages on account of defendant's fraudulent representations in the sale to the plaintiff of lands in this state. The agreement out of which the controversy arose was executed by the parties in the state of Minnesota, in which state the defendant was incorporated and has its principal offices and in which the plaintiff resided at the time of the execution of the agreement. The land in question consists of five acres for which the plaintiff agreed to pay $2,000. In part payment thereof he conveyed to the defendant property in Minnesota of the agreed value of $1,200. Thereafter he became entitled to a credit of $400 additional, leaving unpaid on the purchase price of the five acres the sum of $400. The principal false representation upon which the plaintiff relies for a recovery is the defendant's statement that the land "was of the fair and reasonable market value of $2,000," whereas it was not "of any value in excess of $50." Judgment was demanded for the difference, or $1,950. Two grounds only are urged for a reversal: (1) That the court erred in instructing the jury as to the measure of damages, and (2) that evidence was erroneously admitted of similar false representations made by the defendant to other purchasers of its land in the same colony. The court instructed the jury as follows:

"The measure of damages which a plaintiff is entitled to recover in an action for deceit in the sale of property, where the facts justify a finding in favor of a plaintiff, is the difference between the value of the property purchased by plaintiff, at the time of the purchase, and its value had the property been as represented."

While conceding that the instruction correctly states the California rule as to the measure of damages in such a case, the appellant contends that, since the false representations were made in Minnesota and the agreement was executed in that state, the measure of damages is that provided by the laws of Minnesota. Appellant cites *Knight* v.

*Leighton,* 110 Minn. 254 [124 N. W. 1090], in which it is held, quoting from the syllabus: ''In an action for deceit and fraud in the purchase of lands, the measure of damages is the difference in the value of that with which the plaintiff parted and that which he received in exchange.'' In the later case of *Townsend* v. *Jahr,* 147 Minn. 30 [179 N. W. 486], the court said: ''The one general principle of universal application is that the party guilty of the fraud is liable to respond in such damages as naturally and proximately resulted from the fraud. . . . This loss will ordinarily be the 'difference between what he parted with and what he got.' (Citing *Knight* v. *Leighton, supra,* and other cases.) . . . Where the transaction is a sale and the price has been paid, the rule adopted by the trial court, namely, the difference between the actual value and the purchase price, will ordinarily prove the correct one and will amount to the same thing as 'the difference between what he parted with and what he got.' . . . We do not wish to be understood as holding that this may not be the rule, even though the purchase price has not been paid, if the vendee remains liable for the unpaid balance of the price.''

In the instant case the court instructed the jury on the theory that the plaintiff remained ''liable for the unpaid balance of the price.'' The verdict of the jury states the total damages suffered by the plaintiff and the unpaid balance of the purchase price and then deducts the latter sum from the former, returning a net verdict for the difference.

It is apparent from what has been said that, in this case, the result is the same, whether the California rule or the Minnesota rule as to the measure of damages be followed. In either case one factor is the value of the property purchased. Under the California rule the other factor is what the property would have been worth if it had been what it was represented to be. But the false representation was that the property was worth what the plaintiff agreed to pay for it, the sum which the plaintiff became liable to pay and the sum with which he was charged by the method followed in arriving at a verdict. Applying the Minnesota rule as stated in *Townsend* v. *Jahr, supra,* the result is exactly the same. It is unnecessary, therefore, to determine which rule is applicable to the facts of this case.

■ Evidence of similar false representations made to others in an effort to sell other parcels of land in the colony was properly admitted. (*Butler-Veitch, Inc.*, v. *Barnard*, 77 Cal. App. 709 [247 Pac. 597]; *J. B. Colt Co.* v. *Freitas*, 76 Cal. App. 278 [244 Pac. 916].) Appellant contends that such similar representations were too remote in time and place to be admissible; that they related to more or less distant parcels of land in the 12,000-acre tract which the defendant was colonizing; that the soil of some of such parcels was not the same as that of the parcel in suit, and that some of the representations were made as much as two years prior to the execution of the agreement involved herein. While 40 pages of testimony, selected from the 1,100 pages of the reporter's transcript, are printed in appellant's opening brief, the evidence relied upon to support the foregoing contention is not pointed out, except that the names of some of the witnesses, who testified that the representations were made, are given. Taking appellant's statement as accurate, however, it appears that the evidence was properly admitted. The various representations were all made in connection with the defendant's colonization scheme and as parts of its selling campaign, which continued through several years. Remoteness in time or place is a relative term. It is sufficient if there is such a connection between the representations as to warrant the inference that they are all parts of a single scheme or plan, in which the same motive is operative. (*Seimer* v. *James Dickinson Farm Mtg. Co.*, 299 Fed. 651; *Hoxie* v. *Home Insurance Co.*, 32 Conn. 21 [85 Am. Dec. 240, 242].) Appellant made the same contention in *Sacramento Suburban Fruit Lands Co.* v. *Elm*, 29 Fed. (2d) 233. The similar representations in that case, however, were more remote in time than those in this case. The opinion of the circuit court of appeals overruling the contention is particularly in point here.

The judgment is affirmed.

Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 21, 1929, and the following opinion then rendered thereon:

THE COURT.—Appellant has filed a petition for a re-hearing, in which counsel re-argue the question of the measure of damages. They urge that "the jury may have found in favor of defendant upon the matter of whether or not there was a representation as to the market value of the land" and against it on the other alleged false representations, "first, that the value of the land was the sum of $1,000, and that its value, had the false representations been true, would have been $2,620; and so that the plaintiff's damages were the sum of $1,620, the amount which the jury actually found he had lost." If it be conceded that counsel's premises are correct, then their syllogism is faultless and their conclusion irresistible.

The only theory upon which defendant's rights could have been prejudiced by the application of the California rule as the measure of damages is that the jury may have found that the property would have been worth more than $2,000 if it had been as represented. If they found such value would have been $2,000, the amount for which the plaintiff became liable, the application of either rule would lead to the same result. If the jury found that such value would have been less than $2,000, the California rule would be more favorable to the defendant than would the Minnesota rule.

The complaint alleges "that had said real property been as represented, it would have been worth in excess of $2,000, but, by reason of the actual condition thereof, said real property was never worth in excess of $50, and plaintiff has been damaged by reason of the fraud and deceit of defendant, as aforesaid, in the sum of $1,950." Under familiar rules of pleading, the allegation that the property "would have been worth in excess of $2,000" if it had been as represented amounts to no more than that it would have been worth $2,000. The prayer is for judgment in the sum of $1,950, the difference between the alleged value of $50 and the represented value of $2,000. The appellant has not called atte᾽ 'ion to any evidence in the record, and none has been fo᾽ ᴅd, to the effect that the land would have been worth ᴿᵉ than $2,000 if it had been as represented. There being nothing in the pleadings or the evidence to warrant a finding that the land would have exceeded that sum in value if the representations had been true, it is not to be presumed that

the jury so found. ▪ Since the jury could not have found that such value exceeded $2,000, and that sum being the amount the plaintiff had obligated himself to pay for the land, the amount of his damages under the California rule could not have been more than under the Minnesota rule, and, therefore, the defendant suffered no possible prejudice from the application of the California measure of damages.

Rehearing denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1929.

All the Justices present concurred.